UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARNELL BULLOCK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3161** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION: "L"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Darnell Bullock, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. In this lawsuit, he claimed that excessive force was used against him.

On May 3, 2021, the Court issued an order scheduling a preliminary conference in this matter for May 27, 2021.[1] However, the Court subsequently learned that plaintiff was no longer incarcerated at the Orleans Justice Center, his address of record. In light of that fact, the undersigned United States Magistrate Judge issued an Order canceling the preliminary conference and directing plaintiff to notify the Court of his current address on or before June 21, 2021.[2] To date, plaintiff has not notified the Court of his current address, and his whereabouts are unknown.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. It is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[3]

---

[1] Rec. Doc. 13.
[2] Rec. Doc. 15. The Order was sent to plaintiff both at his address of record and at an alternate address he listed in the complaint: Darnell Bullock, 200 Carondelet Street, Apt. 601, New Orleans, LA 70130.
[3] Rec. Doc. 6-1, p. 5.

Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1.  More than thirty-five days ago, mail sent to plaintiff at the Orleans Justice Center, his address of record, was returned by the United States Postal Service as undeliverable.[4]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed. R. Civ. P. 41(b).  The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  Here, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so, and mail sent to him at his address of record has been returned as undeliverable.  Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him to schedule a preliminary conference or to otherwise advance his case on the docket.  Accordingly, the complaint should be dismissed for failure to prosecute.

---

[4] Rec. Doc. 14.  The envelopes were stamped: "NO LONGER IN CUSTODY."

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___23rd___ day of June, 2021.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

**CLERK OF COURT:**  Notify plaintiff at his address of record *and* at the following alternate address:

Darnell Bullock
200 Carondelet Street, Apt. 601
New Orleans, LA 70130